morning your honor may it please the court Elizabeth Richardson Royer on behalf of Waleed Ahmed I will watch the clock but I plan to reserve two minutes for rebuttal and mr. Ahmed has raised a number of issues in this appeal today I plan to focus on just two of them the first is whether the district court erred in imposing an obstruction of justice enhancement based upon mr. Ahmed email urging the deletion of electronic and paper records and second whether the district court erred in denying mr. Ahmed the reduction for acceptance of responsibility despite his timely cooperation with authorities and guilty plea I'm turning first to the obstruction of justice issue I think it's important to look at the guideline itself and see that it has two separate requirements and with respect to the first it requires that the defendant willfully obstructed the administration of justice with respect to the investigation prosecution or sentencing of the instant offense of conviction and that's important now the second prong says that the conduct must be related to the defendant's crime or closely related conduct closely related offense but that doesn't negate the requirement of the first prong which is that the conduct relate to the instant offense of conviction. So let me ask you this the district court adopted the PSR the PSR as the government points out says that Ahmed directed Ahmed is that how you pronounce it? Ahmed directed co-conspirator to destroy evidence relating to the instant offense that could be used against him or a co-conspirator so the district court adopted that finding and so are we then are you asking us to say that that finding was clearly erroneous? I think there are two basic responses to that question the answer is yes to the extent that the district court found that mr. Ahmed was attempting to that was clearly erroneous. And what makes that clearly erroneous? I looked through the emails and they were ambiguous but it seems like there was a reasonable inference certainly with respect to the restitution part of the sentencing that he was interested in hiding assets or making sure not all assets came to the attention of the court. The court looked and relied upon just one email in imposing this obstruction of justice enhancement. Does that matter because we can you know uphold the district courts finding on anything supported by the record and the PSR made its finding and you know there were there were plenty of other emails in the record even though the district court cited one relating to delete everything. There was no factual finding in this case that mr. Ahmed sought to with the forfeiture proceedings. There was never a factual finding and so while this court can affirm on any basis that supported by the record because there's no factual finding with respect to either of those types of obstruction. Are you saying that the PSR would have to say not relating to the instant offense but would have to say relating to the instant sentencing? Is that your argument? That that the failure of the PSR that although the PSR said offense it didn't say sentencing and that that's insufficient. Is that your argument? That that is insufficient. It's really unclear whether the PSR was being specific with respect to sentencing restitution forfeiture or a potential prosecution of the co-conspirator in the United States. Is there a case that would suggest that if the the PSR the district court makes a finding about relating to the instant offense that doesn't include penalties and sentencing restitution? Is there a case that would would help on that point? I don't know of a case that has found that that type of vague language is insufficient but I think just going back to what this email actually was and and the district court was specific he said Judge Phillips or Gutierrez said I am imposing this enhancement because of this email and then he read the email so we know what he was looking at and in this email Mr. Ahmed it's clear that he is not trying to obstruct restitution forfeiture or anything else. He's talking about protecting his co-conspirator from from investigation or prosecution by the Norwegian Financial Crimes Unit and that's what he said. So what what is not really filled out at least it seems to be in your brief is the fact that your client as I understand it was facing an indictment in fact in Norway at the time of this particular offense and to what extent do you have evidence to suggest that those comments that were made in the email could very well have been related to the Norwegian insurance fraud charge as opposed to what arguably was restitution or the forfeiture allegation in this particular case. Mr. Ahmed says I'm already in trouble being in more trouble doesn't make any difference. He urges his co-conspirator I beg you man don't let them find something they can use against you. He's not talking about his own case he's not talking about the restitution or forfeiture in this case. Is it unreasonable to infer that he was also worried about more evidence against himself? I guess you know the specific quote that the district court cited just says delete everything and and you know just because he says he's encouraging the the person to delete things that could also hurt him I guess I'm not sure why it would be clear error to infer that Mr. Ahmed would also like to ensure there was no additional evidence that could be used against himself. I think it the government urges that the email could have had some effect on Mr. Ahmed's sentencing but it's hard to even imagine what that would have been delete everything we don't know what these emails are there's no explanation by the court by the government or otherwise. It's ambiguous that's why I'm concerned about the clear error standard as we would have to find that it was the district court was hard given the ambiguity of those emails. If the court declines on this record to find that the district court clearly erred the appropriate order would be a remand and I cited a case. If the court didn't clearly err? You're saying? If it's unclear whether the court relied upon something that was clearly erroneous or not and and the the DC Circuit case United States v. Berry that I cited the court remanded for exactly that reason they said the court could have relied upon something permissible and could have relied upon something impermissible we don't know which one. Your argument as I understand it from your brief is is not necessarily that the emails may have been referring to this particular offense or related offense or to some other your argument is that there's an obligation on the part of the district court when they declines under 3C 1.1 they have to explain the basis upon which they relied and in the pre-sentence report as I understand it there's no recitation of fact and in Judge Gutierrez's decision he doesn't make a recitation of fact what is left is the bare conclusion and he may be right he may be wrong the question is whether the judge has the legal responsibility to describe the factual basis for applying obstruction of justice I mean is I thought that was your argument not necessarily whether he was right or wrong. That certainly is is the primary argument I also think that that looking at the email upon which the judge relied to the extent that he found this related to the instant offense of the court doesn't mind I'll reserve the remainder of my time. Thank you. We'll hear from the government. Let me also address the issue that. Could you identify yourself for the record please? Oh I'm so sorry Consuelo Woodhead may please the court Consuelo Woodhead on behalf of the United States. Let me address the finding in the pre-sentence report there is no case that suggests that that finding is insufficient the court specifically at page 52 of the ER adopted the findings of the PSR and the email and there was no clear error the email that the court specifically recited at sentencing must be read in light of the prior emails which the court had had at its disposal leading up to that email. Shortly before the email that the court quoted on May 30th defendant wrote and this is at ER 172 when my lawyer was here he told me that the prosecutor referring to the US prosecutor is maybe going to indict other people and I don't know what he meant by that but stay safe this is not the time to do stupid things doesn't play a role if this prosecutor is crazy he might do that so he's talking about the US prosecutor taking additional action. Then he further says Norway 100% is in bed with USA and the restitution proceeding and the the order of forfeiture that the government was seeking in this case depended on the cooperation of Norway because the funds that were seized were in Norway and would have to be repatriated to this country. Then when the court gets to the email that was recited the defendant says I just spoke with my brother and they have finally gotten a lawyer in Norway because this prosecutor referring to the US prosecutor is going to file in forfeiture papers to the court. Then he says Norwegian police have made their prosecution in Norway on this American shit. American shit I submit would translate to offense of conviction but if they have made a prosecution in Norway it means there's still some danger they may be investigating this case. He's still referring to the US as well as the Norwegian prosecutors and then he says delete everything delete everything relating to money and yes given the timing we know what he's talking about he is talking about deleting the emails that we actually found and if there's any question that the defendant was intending to obstruct the investigation or really the completion the sentencing of his own offense I would have asked the court to look at the email that's recited at ER 228 in which the defendant says I do not want to take any risks before my sentencing is done but from next week on it will be full speed ahead with everything in Norway. Create a new email without your full name because the prosecutor will use your email in court here. Delete email and create a new one with your nickname and delete this email so he's asking that his co-conspirator to delete the very incriminating emails that the government found and presented to the court. So I appreciate I appreciate the you know the recitation of the factual argument here I'm interested to see either in the pre-sentence report which was adopted by the district court judge or in the district judge's findings where he specifically adopts that particular recitation of fact as opposed to what may be other charges which were raised by the defendant at sentencing other charges for which those emails may have been relevant. In other words the judge would say this is why I'm applying 3c 1.1 which is of course the requirement of the guideline. The court did not say any more than I adopt the findings of the PSR which clearly state that the obstruction was with respect to this offense of conviction as well as a closely related offense which would be the co-conspirator. The PSR recited the language of 3c 1.1 the 3c 1.1 as I thought did not engage in any discussion about why you necessarily would apply the 3c 1.1 it merely cited the language and is that sufficient? It didn't merely cite the language it actually made a finding that 3c 1 3c 1.1 applied because there was obstruction of the offense of conviction and also a closely related offense. So the fact finding that I saw in the PSR said that Ahmed directed co-conspirator to destroy evidence relating to the instant offense that could be used against him or a co-conspirator. Is that enough of a in light of the fact that the defendant did not focus the district court on the issue that it's now presenting to this court and that's why we argued in our brief that it's actually plain error review that should apply to this because the argument that was basically advanced in the district court was that the defendant wasn't trying to obstruct. That if he had been trying to obstruct the proceeding at all, the U.S. proceeding, if he had done that he would have done it earlier. Now that argument has no merit because as is evident from the emails I recited he could obstruct the American proceeding, the proceeding before Judge Gutierrez by instructing the co-conspirator to delete the very emails that we're talking about. Can I ask you about another issue and that's the upward variance that Judge applied. You know I appreciate the fact there's a distinction between upward departures in which notice has to be given as opposed to variances, although frankly the much better practice from district court judges is to say yes you're thinking about an upward variance and give the parties an ability to respond to that. In this particular case the government took a position that the guideline sentence should be applied, albeit at the high end of the guideline, but never asked for a variance. There was no discussion of the variance in the argument here. Did Judge Gutierrez before he decided to impose the 132 month sentence give the parties notice that he was thinking of a variance and if so did he give them the opportunity to respond in any particular way? He did not specifically say I am contemplating an above guidelines sentence, but from the very first sentencing hearing he advised the defendant and defense counsel that he thought the emails the government had presented were very very serious and that he he was not anywhere close to the kind of low sentence the defendant was talking about. So let me ask you just a little bit more of a clarification of the law. So back when the sentencing process was by way of departure, you always go by way of a departure before Booker, there was a clear finding by the Supreme Court that there needs to be notice given to potential, well defendants who are potentially facing a departure. Not necessarily so in the post Booker era, although generally speaking, isn't that the appropriate process that should be used and doesn't that in a sense, the failure of the judge to say gee I'm thinking about an upward variance, I'm going to give you an opportunity to respond. Isn't that fact relevant to a determination of the reasonableness either of the process or of the ultimate sentence? I certainly don't think it goes to the reasonableness of the ultimate sentence because the reasonableness of the ultimate sentence depends on the underlying facts and that depends on whether this defendant merited this sentence. But you're not giving the parties an opportunity to comment upon your consideration of an upward variance because they don't even know it's coming until all of a sudden it's there. I thought we had a Supreme Court case, Irizarry, that says no notice is required. I believe that is correct, Your Honor. But in the Ninth Circuit we say that notice is still required for a departure in Evans-Martinez, but this was a variance, correct? This was a variance and as I said, although the court did not frame it in terms of I'm thinking of a variance, he certainly gave this defendant very clear notice from the very first sentencing hearing that he thought these emails and this conduct was extraordinary. And he ultimately said during the course of the sentencing hearing, but while he was engaging in colloquy with defense counsel, I've never seen anything like this. And he's an experienced federal judge. Defense counsel often say that the sentence should fit the defendant and not just the crime and that's what the judge did. He fashioned a sentence that fit this extraordinary defendant who could not be deterred apparently by anything. He's in jail for a year in a country thousands of miles from his home and all he can think of doing is talking about how not to pay money back that he's admitted he got obtained by fraud. Please wrap it up now. And how to commit more crimes when he came out. Early in the process, defense counsel suggested that one of the issues here was whether incapacitation was necessary for this defendant. And through that entire set of emails that the defendant submitted to his co-conspirator and to his brother, he convinced the court, and I think he would convince any court reasonably, that he deserved and needed this level of punishment. Thank you. And you have some time for rebuttal. I have just two points that I'm going to try to make in my minute and change The first is with respect to the standard of review and the government argues that the standard of review for the obstruction of justice claim should be plain error. And frankly I don't quite understand why that is. Defense counsel made both of the basic arguments that we make on appeal several times below that the obstructive conduct was aimed at protecting the individual in Norway at excerpt of record 218, 235 and other places and that the obstructive conduct came too late to affect this case because he's already pleaded guilty at excerpt 51, 70 and other places. The standard of review should be de novo with respect to the interpretation of the guideline and at the very least it should be for abuse of discretion with review to the application of the guideline. And the second point that I'd like to make is that we're talking here about sort of reinventing the facts in this case when we talk about whether Mr. Ahmed's emails with respect to forfeiture and restitution could have supported this enhancement. Below no one raised this, it's nowhere in the record, it's not in the PSR, it was never talked about in the district court, the government itself said he is trying to protect his co-conspirator in Norway at excerpt 45 to 46. The purpose of deleting these records is to prevent the government authorities from using the information against his co-defendant and that's at excerpt 225. There really was agreement among everybody that that was the purpose of these emails and now on appeal the story, the government is trying to say that the story was something different than it was. You're over time now. Thank you. Okay, thank you. We thank you for your arguments. The case of Ahmed, of United States v. Ahmed is suspended.
judges: Sessions, Ikuta, Owens